UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD TURNER, | ) | Case No. 1:09CV2770 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| TIMOTHY BRUNSMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **Report and Recommendation** |
| | ) | **of Magistrate Judge** |
| | ) | |
| | ) | |

Petitioner Donald Turner ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas conviction for one count of Robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.02(A)(2).  ECF Dkt. #1; *see also* ECF Dkt. #8, Ex. 25[1].  On April 8, 2010, Respondent Timoth Brunsman filed a Return of Writ.  ECF Dkt. #8.  On June 9, 2010, Petitioner filed a traverse.  ECF Dkt. #10.

The case was referred to the undersigned for a Report and Recommendation.  For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

---

[1]  At the outset, the undersigned notes that Respondent has docketed each exhibit individually.  There should be no problem with docketing the exhibits in this manner; however, in this particular case, Respondent has given several of the exhibits generic titles, such as "Journal Entry."  *See* ECF Dkt. #8, Ex. 6, 8, 9, 26, 24, 25, 31, 44.  Some of these journal entries were made by the Court of Common Pleas and some by the Court of Appeals.  The docket titles do not reflect the court of issuance, the date of issuance, or the purpose of the entry.  In the undersigned's experience, the Attorney General's office has usually docketed exhibits in §2254 cases in large groups and  in chronological order where possible.  In the undersigned's opinion, that method presents exhibits in a manner that best assists the Court.  If the Attorney General's office prefers to proceed by docketing each exhibit individually, the undersigned requests that the Attorney General's office provide an index of exhibits that identifies each exhibit in greater detail.

## I.  SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6 th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999).  As set forth by the Ohio Court of Appeals, the facts are:

> The facts are largely undisputed. The state's evidence demonstrated that on June 3, 2004, appellant stole the purse of a woman eating lunch in the food court at Tower City Mall. The victim was told by another patron that appellant had taken her purse. She saw appellant rushing through the food court with her purse and alerted a mall employee who followed appellant while notifying mall security on his radio. A Cleveland police officer, working security at Tower City, got the call and observed appellant as he hurried through the mall. He saw appellant throw the purse in a garbage can before getting on the escalator leading to the exit level. He and two other police officers were at the top of the escalator when appellant tried to charge through them, striking the officers. Appellant was arrested and it was discovered that he had been released from prison only a few weeks before.

ECF Dkt. #8, Ex. 13; *State v. Turner*, Case No. 88958, 2007 WL 3105423 at ¶2 (Ohio App. 8 Dist., Oct. 25, 2007), unreported.

## II.  PROCEDURAL HISTORY

### A.  State Trial Court

On June 15, 2004, the Cuyahoga County, Ohio prosecuting attorney filed an indictment, charging Petitioner with Robbery in violation of O.R.C. § 2911.02.  ECF Dkt. #8, Ex. 5.  Pursuant to O.R.C. § 2929.13(F)(6), the indictment included a notice of prior conviction in Cuyahoga County, Ohio Case No. 184201 and Case No. 041020.  *Id*.  The indictment also included repeat violent offender specifications pursuant to O.R.C. § 2941.149.  *Id*.

The trial court appointed counsel.  ECF Dkt. #8, Ex. 6.  Thereafter, Petitioner moved to proceed pro se.  ECF Dkt. #8, Ex. 7.  The trial court granted the motion, but appointed an attorney to assist.  ECF Dkt. #8, Ex. 8.  Following a jury trial, Petitioner was found guilty of Robbery in violation of O.R.C. § 2911.02.  ECF Dkt. #8, Ex. 9.  On October 18, 2006, the court proceeded to impose a sentence of five years of imprisonment and three years of postrelease control.  *Id*.  The trial court appointed appellate counsel.  *Id*.

-2-

**B.     Direct Appeal**

On November 2, 2006, Petitioner filed a notice of appeal.  ECF Dkt. #8, Ex. 10.  He filed a brief in support of his direct appeal, raising the following assignments of error:

I.      THE DEFENDANT'S STATUTORY RIGHT TO A SPEEDY TRIAL WAS VIOLATED WHEN HE WAS NOT BROUGHT TO TRIAL WITHIN 270 DAYS, AND WAS NOT BROUGHT TO TRIAL UNTIL MORE THAN 28 MONTHS AFTER HIS ARREST.

II.     THE DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL WAS VIOLATED WHEN HE WAS NOT BROUGHT TO TRIAL WITHIN 270 DAYS, AND WAS ONLY TRIED AFTER TWENTY-EIGHT MONTHS OF DETENTION.

III.    THE TRIAL COURT ERRED BY FAILING TO MAKE SUFFICIENT INQUIRY TO DETERMINE WHETHER THE DEFENDANT FULLY UNDERSTOOD AND INTENTIONALLY WAIVED HIS RIGHT TO COUNSEL.

IV.     THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECT ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO PROTECT HIS INTERESTS BEFORE, DURING AND AFTER THE TRIAL.

V.      THE COURT'S DECISION FINDING APPELLANT GUILTY OF ROBBERY WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE STRUGGLE WAS TEMPORALLY REMOVED FROM THE THEFT.

VI.     THE FAILURE TO NOTIFY APPELLANT OF THE DURATION AND TERMS OF POST -RELEASE CONTROL CONSTITUTED PREJUDICIAL AND REVERSIBLE ERROR AND REQUIRES A NEW SENTENCING HEARING.

ECF Dkt. #8, Ex. 11.  On November 27, 2006, Petitioner filed a second notice of appeal pro se.  ECF Dkt. #8, Ex. 14.  The appellate court dismissed the appeal sua sponte pursuant to Ohio Rule of Appellate Procedure 4, which requires a notice of appeal to be filed within thirty days of the entry of judgment to be appealed.  ECF Dkt. #8, Ex. 15.  On March 5, 2007, the state filed a response brief.  ECF Dkt. #8, Ex. 11.  On June 22, 2007, the state filed an amended response brief.  ECF Dkt. #8, Ex. 12.  On October 25, 2007, the appellate court affirmed Petitioner's conviction, but vacated his sentence because the trial court's notice of postrelease control was insufficient to advise Petitioner of the mandatory nature and exact term of postrelease control.  ECF Dkt. #8, Ex. 13.

**C.     Supreme Court of Ohio**

On December 20, 2007, Petitioner filed a notice of appeal to the Supreme Court of Ohio.

-3-

ECF Dkt. #8, Ex. 16.  He filed a memorandum in support of jurisdiction in the Supreme Court of Ohio, raising the following propositions of law:

1. A trial court fails in its duty to protect the constitutional right of an accused to be represented by counsel when it summarily accepts a proposed waiver of counsel without first conducting a thorough inquiry to determine whether the waiver is being made intelligently, knowingly, and voluntarily. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

2. When no speedy trial waiver has been executed, the accused is jailed for more than two years  awaiting trial, is not afforded the right to counsel and represents himself at trial, the accused is denied the constitutional rights to a speedy and fair trial. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I, Ohio Constitution.

3. Mr. Turner was denied his constitutional right to the effective assistance of counsel when his trial attorney failed to protect his interests before, during, and after the trial. Had counsel provided Mr. Turner with effective assistance, Mr. Turner would not have suffered the loss of constitutional rights he did and would not be imprisoned now. *Strickland v. Washington* (1984), 466 U.S. 668; Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

ECF Dkt. #8, Ex. 23. On January, 2008, the state filed a brief in response to Petitioner's memorandum in support of jurisdiction.  ECF Dkt. #8, Ex. 18.  On April 9, 2008, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving a substantial constitutional question.  ECF Dkt. #8, Ex. 19.

**D.     Resentencing**

On May 29, 2008, the trial court resentenced Petitioner on mandate from the Ohio District Court of Appeals for the Eighth District.  ECF Dkt. #8, Ex. 20.  The court issued an entry noting that it was amending its earlier entry to include three years of postrelease control.  *Id*.  On June 24, 2008, Petitioner filed a notice of appeal from the trial court's sentencing entry.  ECF Dkt. #8, Ex. 21.  Petitioner filed a brief in support of jurisdiction, raising the following propositions of law:

I. THE JUDGMENT ENTERED BY THE TRIAL COURT AND THE INDICTMENT RETURNED BY THE GRAND JURY ARE NULL AND VOID FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO CHARGE AS DEFINED BY STATUTE A ROBBERY OFFENSE .

II. THE TRIAL COURT ERRED IN FAILING TO IMPOSE ANY STATUTORY SENTENCE AS MANDATED BY R.C.2929.14, THEREBY RENDERING APPELLANT'S IMPRISONMENT

-4-

UNLAWFUL.

ECF Dkt. #8, Ex. 22.  On August 27, 2008, the state filed a brief in opposition to Petitioner's brief in support of jurisdiction.  ECF Dkt. #8, Ex. 23.

On October 31, 2008, the appellate court issued a judgment entry sua sponte remanding the case to the trial court for clarification pursuant to *State v. Baker*, 893 N.E. 2d 163 (Ohio 2008), which requires that "[t]he judgment of conviction is a single document that * * * must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02." ECF Dkt. #8, Ex. 24.  The appellate court noted that the trial court's amended journal entry did not reflect the trial court's sentence or means of conviction; it only reflected the trial court's imposition of postrelease control.  *Id*.  On November 12, 2008, the trial court issued a journal entry finding Petitioner guilty of Count One of the indictment.  ECF Dkt. #8, Ex. 25.  The court imposed a prison sentence of 5 years, and a term of 3 years of postrelease control. *Id*.

On December 18, 2008, the Court of Appeals affirmed Petitioner's sentence.  ECF Dkt. #8, Ex. 26.  Petitioner then filed a notice of appeal to the Supreme Court of Ohio.[2]  ECF Dkt. #8, Ex. 27. He filed a memorandum in support of jurisdiction and asserted the following proposition of law:

> THE EIGHTH DISTRICT COURT OF APPEALS ERRED AND ABUSED ITS DISCRETION IN DENYING AND DISMISSING APPELLANT'S LACK OF SUBJECT MATTER JURISDICTION CLAIM AND FAILURE TO CHARGE ANY ROBBERY OFFENSE AS DEFINED BY STATUTE AS WAIVED UNDER THE DOCTRINE OF RES JUDICATA AND *STATE V. COLON (I)*.

ECF Dkt. #8, Ex. 28.  On May 8, 2009, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving a substantial constitutional question.  ECF Dkt. #8, Ex. 29.

**E.      Motion in Arrest of Judgment and to Oppose Sentencing**

On May 23, 2008, Petitioner filed a "Motion in Arrest of Judgment and to Oppose Sentencing."  ECF Dkt. #8, Ex. 30.  Petitioner contended that there was no theft offense alleged in the robbery charge in the indictment.  *Id*.  He further contended that there was no property or service

---

[2]      The notice of appeal contains Supreme Court of Ohio time stamps for January 30, 2009 and February 12, 2009.  ECF Dkt. #8, Ex. 27

named or identified as having been deprived or attempted to be deprived from the owner without the owner's consent. *Id.* He concluded that the robbery charge in the indictment was void and the trial court could not exercise jurisdiction. *Id.* On June 3, 2008, the trial court denied Petitioner's motion. ECF Dkt. #8, Ex. 31.

### F.    State Habeas Petition

On February 17, 2009, Petitioner filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals of Ohio. ECF Dkt. #8, Ex. 32. Petitioner raised the following ground for relief:

> Petitioner states that his imprisonment is clearly unlawful for failure of the trial court to impose any statutory sentence as mandated by R.C. 2929.14, and as ordered by the Eight District Court of Appeals.

ECF Dkt. #8, Ex. 32. On March 11, 2009, the state filed a motion to dismiss. ECF Dkt. #8, Ex. 33. On March 26, 2009, Petitioner filed a brief in opposition. ECF Dkt. #8, Ex. 34. On May 6, 2009, the appellate court granted the state's motion to dismiss. ECF Dkt. #8, Ex. 35. On October 28, 2009, the Supreme Court of Ohio affirmed the appellate court's ruling.[3] ECF Dkt. #8, Ex. 36.

### G.    28 U.S.C. § 2254 Petition

On November 20, 2009, Petitioner filed the instant petition for a writ of habeas corpus. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner has raised the following grounds for relief:

> **GROUND ONE:** Petitioner's robbery indictment and judgment of conviction are null and void for lack of subject matter jurisdiction and for failure to charge as defined by statute a robbery offense which includes a theft offense.
>
> **GROUND TWO:** Petitioner's robbery indictment and judgment of conviction are null and void for lack of subject matter jurisdiction and for failure to charge as defined by state statute a robbery offense which must include in the charge, allegations of physical harm as to the purported victim.
>
> **GROUND THREE:** Petitioner's robbery indictment and judgment of conviction are null and void for lack of subject matter jurisdiction and for failure to charge a robbery offense as defined by State Senate Bill 2 robbery statute.

---

[3]     Respondent has not provided copies of Petitioner's brief.

> **GROUND FOUR:** Petitioner's imprisonment is clearly unlawful and the state trial court lacked subject matter jurisdiction and authority to order his imprisonment in the absence of imposing any statutory sentence to be served by him as mandated under state and federal law and as ordered by the Eighth District Court of Appeals.

ECF Dkt. #1.  On April 8, 2010, Respondent filed a return of writ.  ECF Dkt. #8.  On June 9, 2010, Petitioner filed a traverse.  ECF Dkt. #10.

## III.   PROCEDURAL BARRIERS TO REVIEW

_____A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. § 2244(d)(1).  Respondent contends that the instant petition is time-barred and should be dismissed.  ECF Dkt. #5 at 20-25.

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); see 28 U.S.C. § 2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id.* "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d

-8-

396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

**B.  Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to

-9-

> dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

(1)    whether the petitioner failed to comply with an applicable state procedural rule;

(2)    whether the state courts actually enforced the state procedural sanction;

-10-

> (3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
> (4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006.  The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); Richey, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000)(where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and

actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), cert. denied, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV.   STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)   resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

-12-

proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the

language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a

federal habeas court making the 'unreasonable application' inquiry should ask whether the state

court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating

on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue

the writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly. Rather, that application

must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA

limitations:

A.  Decisions of lower federal courts may not be considered.

B.  Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.  The state court decision may be overturned only if:

 1.  It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

 2.  the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

 3.  'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

-13-

> 4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
>
> D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by

-14-

clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**V.     ANALYSIS**

> **A.     Grounds One, Two, Three**

Grounds One, Two, and Three all challenge the sufficiency of the indictment and claim a resulting lack of jurisdiction.  Therefore, the undersigned will address them together.

> > **i.     Procedural Default**

Respondent contends that Grounds One, Two, and Three are procedurally defaulted because Petitioner failed to challenge the sufficiency of his indictment on his first appeal of right, prior to his resentencing.  ECF Dkt. #8 at 15.   Respondent contends that the Ohio Court of Appeals ruled that Petitioner's claims were barred by the doctrine of *res judicata* because he could have challenged his indictment on his initial appeal.  *Id.*  Respondent also contends that the doctrine of *res judicata* is an "adequate and independent" ground justifying default and foreclosing federal review.  *Id.*  Lastly, Respondent contends that Petitioner has not shown cause for his defaults or established actual innocence.  *Id.*

Petitioner contends that a lack of subject matter jurisdiction can never be waived or forfeited.  ECF Dkt. #10 at 10.  Petitioner further contends that a claim of a lack of subject matter jurisdiction cannot be barred by *res judicata*.  *Id.* at 11 citing *State v. Simpkins*, 117 Ohio St.3d 42 (2008).

The undersigned agrees that Petitioner did fail to raise Grounds One, Two, and Three at his first opportunity on direct appeal.  However, the undersigned also agrees that Petitioner challenged the trial court's subject matter jurisdiction when he ultimately did raise those claims in the Ohio Court of Appeals.  The undersigned will address the merits of these claims below.  Further, Respondent has not demonstrated that *res judicata* would apply to claims challenging the trial court's jurisdiction or that *res judicata* is firmly established with respect to those claims.

The Ohio Court of Appeals' application of *res judicata* to claims of a lack of subject matter jurisdiction has been inconsistent.  Aside from the instant case, *res judicata* has also been applied in *State v. Price,* No. 83344 , 2004 WL 813533 at ¶¶7,8 (Ohio App. 8 Dist. Apr. 15, 2004) unreported

-15-

("Although Price contends we should review his argument for plain error because his attorney never objected to the indictment prior to trial, we find res judicata prevents such a review. ")(footnotes omitted); *State v. Fitzpatrick*, No. 2009-L-030, 2010 WL 702282 at ¶¶ 20-25, 39 (Ohio App. 11 Dist. Feb. 26, 2010) unreported. *Res judicata* was not applied in *State v. Perri*, No. 2009-P-0014, 2009 WL 4021195 at ¶21 (Ohio App. 11 Dist. Nov. 20, 2009) slip op.; *State v. Smoot*, No. 96-CA-107, 1997 WL 432225 at n.3 (Ohio App. 2 Dist. July 18, 1997) unreported ("We will assume, for purposes of this appeal, that Smoot's defective-indictment argument challenges the trial court's subject matter jurisdiction to convict and sentence him. Such a collateral attack on Smoot's conviction would not be precluded by res judicata despite Smoot's failure to challenge his indictment on direct appeal."); *see also Polster v. Webb*, 827 N.E.2d 864, 868 (Ohio App. 8 Dist. 2005) (describing general rule that "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be forfeited or waived and may be challenged at any time.").

Based on the foregoing, the undersigned recommends that the Court find that Respondent has not demonstrated that Petitioner failed to abide by a firmly established and regularly followed procedural rule. *See Ford*, 498 U.S. at 423-24 (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review).  Further, the undersigned recommends that the Court find that procedural default does not apply to Ground One, Two, and Three because Respondent has not demonstrated that the *Maupin* test is satisfied in this case.

It is worth noting that Petitioner's subsequent appeal to the Supreme Court of Ohio took issue with the appellate court's use of *res judicata* in the sole proposition of law.  ECF Dkt. #8, Ex. 28. Therefore, a question exists as to whether he fairly presented Grounds One, Two, and Three to the Supreme Court of Ohio.  *Momentarily presuming* Grounds One, Two, and Three present federal constitutional claims, the undersigned recommends that the Court find that Petitioner has fairly presented these claims to the Supreme Court of Ohio.  As a predicate to arguing the appellate court's alleged misapplication of *res judicata*, Petitioner argued the reasons that he believed the trial court lacked jurisdiction.  *Id*. at 1-3, 12.  If these claims are cognizable as federal habeas claims, the undersigned is of the opinion that they were fairly presented to the Supreme Court of Ohio.  The

-16-

undersigned will next address their cognizability.

## ii. Cognizability and Merits Analysis

Respondent contends that Grounds One, Two, and Three are not claims upon which federal habeas corpus relief may be granted. ECF Dkt. #8 at 8-10. Respondent reasons that Petitioner challenges the sufficiency of his indictment under state law, but since he has no federal constitutional right to be charged by an indictment in a state prosecution, his claims are not cognizable on federal habeas corpus review.

"Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002). "A[ ] [state court] indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall,* 806 F.2d 636, 639 (6th Cir. 1986).

Petitioner challenges the indictment in three ways: (1) it allegedly failed to charge an included theft offense; (2) it allegedly failed to charge allegations of physical harm as to the purported victim; and (3) it allegedly fails to charge Petitioner with the commission of robbery as defined by Senate Bill 2. ECF Dkt. #1.

Petitioner's argument related to the theft offense lacks merit because he did receive adequate notice under state law when the indictment indicated that he had attempted to commit a theft offense on June 3, 2004. Had Petitioner desired more specific information, he could have requested it through a bill of particulars, which "provide[s] a defendant with greater detail of the nature and causes of the charges against him." *State v. Silos*, 660 N.E.2d 1239, 1240 (Ohio Ct. App. 9th Dist. 1995).

In *State v. Scott*, No. 22745, 2010 WL 1732601 at ¶47 (Ohio App. 2 Dist.,2010), slip op., the Ohio Court of Appeals for the Second District considered a situation similar to the case at bar. The court held:

> Scott contends that his charge of aggravated robbery was not properly presented to the grand jury and that he was not given adequate notice of the predicate theft offense, the

commission or attempted commission of which is an element of aggravated robbery.
. . .The fact that the indictment did not name the particular theft offense did not render
the indictment fatally defective.

*Id*.  The *Scott* court reasoned that: "Because a bill of particulars is available if the defendant requires

more specific notice of the charge against him, an indictment is sufficient, under Crim R. 7(B), if it

alleges an offense using the words of the statute specifying the offense."  *Id*. quoting *State v.*

*Landgraf*, Montgomery App. No. 21141, 2006-Ohio-838, at ¶ 11, citing *State v. Landrum* (1990), 53

Ohio St.3d 107, 119, 559 N.E.2d 710.  Since the indictment in this case notified Petitioner that he

was being charged with robbery predicated on a theft or attempted theft on June 3, 2004, and a bill

of particulars was available to provide further detail, the undersigned recommends that the Court find

that the indictment provided sufficient notice to satisfy federal constitutional requirements insofar

as it alleged the attempt to commit a theft offense.

Petitioner next contends that the indictment fails to allege that he attempted to inflict or

threatened to inflict physical harm onto the theft victim.  ECF Dkt. #1.  He also contends that the

indictment improperly charges him with  attempting to inflict or threatening to inflict physical harm

onto the arresting police officers.  *Id*. He also contends that the indictment improperly names all of

the alleged victims in one count.  *Id*.

The foregoing group of challenges does not attack the sufficiency of the notice that the

indictment provided.  Thus, they do not present cognizable habeas claims.  *Roe*, 316 F.3d at 570.

Although a federal habeas court's function is not to apply state law, the undersigned notes that there

was no apparent error of state law related to the manner in which the indictment was drafted.   A

defendant may be convicted of committing robbery under O.R.C. §2911.02  "so long as the use or

threat of force was directed minimally to either a theft victim or, while fleeing, a non-theft victim."

*State v. Wilkerson*, No. 40741, 1980 WL 354688 at *3 (Ohio App. 8 Dist., Mar. 13, 1980),

unreported.  Additionally, the undersigned sees no federal constitutional violation resulting from the

inclusion of more than one police officer in the indictment.  Under Ohio law, the number of robbery

counts is determined by the number of predicate theft offenses, not the number of times the defendant

used force in committing those offenses.  *Id*. at *3 ("we conclude that in determining robbery counts,

-18-

the court must ascertain from the evidence the number of separate theft offenses, and not the number of uses of force, which transpired.").  Accordingly, the undersigned recommends the Court find that the indictment provides adequate notice of the charges against Petitioner and no constitutional violation occurred with respect to his assertion that the indictment names all of the alleged victims in one count.

Petitioner's contention that the indictment fails to charge him with robbery as it is defined in Senate Bill 2 also lacks merit.  The indictment alleged, in its pertinent part:

> did, in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon Diane Smilanick, inflict, or attempt to inflict, or threaten to inflict physical harm on Det. Thomas Klamert #1690 and/or Police Officer Raymond Francel #2125 and/or Police Officer Rick Sheppard #910.

ECF Dkt. #8, Ex. 5.  Petitioner contends that:

> The purported Indictment reads and provides that Petitioner "Unlawfully did in attempting or committing a theft offense as defined in <u>Section 2913.01 of the Ohio Revised Code</u>" . . . which is from Pre-Senate Bill 2 robbery definition and statute charging a second degree felony robbery offense which was deleted by the Ohio Legislature prior to rewriting the legal definition for robbery under Senate Bill.

ECF Dkt. #1.  Petitioner's argument lacks merit because the version of O.R.C. § 2911.02 that was put into effect on July 1, 1996 provides that " 'Theft offense' has the same meaning as in section 2913.01 of the Revised Code." O.R.C. § 2911.02 (C)(2)(07/01/1996).  Petitioner acknowledges that Senate Bill 2 became effective on July 1, 1996.  ECF Dkt. #10 at 17.  Given that §2911.02(C)(2) explicitly refers to  §2913.01, the undersigned finds no error in the indictment, let alone a federal constitutional error.  Accordingly, the undersigned recommends that the Court DISMISS Grounds One, Two and Three in their entirety with prejudice.

## B.    Ground Four

In Ground Four, Petitioner contends that the trial court failed to impose a statutory sentence ant therefore lacked subject matter jurisdiction to sentence him.  ECF Dkt. #1.   He further contends that the trial court improperly attempted to amend the original sentence, which he contends was void and vacated. *Id*.  Respondent contends this claim is not cognizable in a federal habeas petition and

-19-

it is procedurally defaulted.  ECF Dkt. #8 at 16-19.

The undersigned recommends that the Court find this claim to be procedurally defaulted because Petitioner: (1) failed to file a transcript in connection with this claim; and (2) he did not phrase this issue in federal constitutional terms when he presented it to the Ohio appellate courts. *See* ECF Dkt. #8, Ex. 22, Ex. 28.  The undersigned will first address Petitioner's failure to file a transcript.

The first prong of *Maupin* is satisfied because Petitioner failed to comply with Ohio Rule of Appellate Procedure 9(B), which requires an appellant to order a complete transcript or parts of the transcripts necessary for inclusion in the record.  ECF Dkt. #8, Ex. 21, 22.  The appellate court enforced this rule by denying Petitioner's appeal for failure to file the trial court transcript.  ECF Dkt. #8, Ex. 26.  Additionally, the Supreme Court of Ohio affirmed the appellate court's decision in an unexplained decision.  ECF Dkt. #8, Ex. 29.  *See Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996) citing *Ylst*, 501 U.S. at 803( "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the *same ground*.")(emphasis added).   Thus, the second prong of *Maupin* is satisfied.  The third prong of *Maupin* is also satisfied because "Ohio has regularly rejected claims due to appellants' failure to present an adequate record."  *Gonzales v. Wolfe*, 290 Fed.Appx. 799, 805, 2008 WL 3889866  (6th Cir. 2008), unreported.  Petitioner alleges cause resulting from the alleged fact that he was never properly sentenced, and allegedly never had the right to appeal.  ECF Dkt. #10 at 13-14 ("No sentence, no Appeal.  It is as simple as that.").   To the contrary, the trial court issued a journal entry imposing a sentence, and Petitioner's only available means of review from that decision was by way of appeal.  Petitioner was required to present his claim to the state appellate court and his failure to file a transcript cannot be blamed on the state court's purported sentencing error.  Petitioner does not assert or demonstrate actual innocence.  Accordingly, the undersigned recommends that the Court find this claim to be procedurally defaulted.

This claim is also procedurally defaulted because Petitioner did not present his claim to the state courts in terms of a federal constitutional claim.  "When the petitioner has failed to present the

grounds to the state courts and has exhausted his claims because no state remedy remains available, his grounds are procedurally defaulted." *Landrum v. Mitchell*, ___ F.3d ___, 2010 4352213 (Nov. 4, 2010), *slip op.* at *10; *Hemphill v. Hudson*, 1:08CV9, 2009 WL 1107890 (N.D. Ohio Apr. 23, 2009) (Gaughan, J.); *Franklin*, 811 F.2d at 325.  Petitioner did not phrase his claim in terms of federal constitutional analysis, he did not cite federal law, he did not cite state law employing federal constitutional analysis, and he does not allege facts clearly within mainstream constitutional analysis.  *See Clinkscale*, 375 F.3d at 437.  As Respondent noted, Petitioner relied solely on state statutory provisions and case-law.  ECF Dkt. #8, Ex. 22 at 7-9.  Again, Petitioner has not demonstrated cause, prejudice, or actual innocence.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Four in its entirety with prejudice.

## VI.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.


DATE: March 30, 2011                                    *s/ George J. Limbert*
_____      _____
                                                        GEORGE J. LIMBERT
                                                        UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).