UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DONALD TURNER, :
: CASE NO. 1:09-CV-02770
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
TIMOTHY BRUNSMAN, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 25, 2009, Petitioner Donald Turner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] On April 8, 2010, Respondent Timothy Brunsman filed a Return of Writ. [Doc. 8.] On June 9, 2010, the Petitioner filed a traverse. [Doc. 10.] The matter was referred to Magistrate Judge George J. Limbert pursuant to Local Rule 72.2. On March 30, 2011, Magistrate Judge Limbert issued a Report and Recommendation recommending that the Court dismiss the petition, in its entirety, with prejudice. [Doc. 11.]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within fourteen days of service. *Id.*; Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *Thomas v. Arn*, 474 U.S. 140, 145 (1985);

Case No. 1:09-CV-02770
Gwin, J.

*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate judge's report without review. *See Thomas*, 474 U.S. at 149.

In this case, Petitioner Turner has had ample time to object to the Magistrate Judge's recommendation. Moreover, having conducted its own review of the record and the parties' briefs, the Court agrees with the recommendation of Magistrate Judge Limbert that the petition should be dismissed. The Petitioner's first, second, and third grounds for relief challenge the sufficiency of the indictment on state law grounds. The Court agrees that these grounds do not present any claims cognizable in federal habeas corpus review. The Petitioner's fourth ground for relief is the alleged failure of the state court to impose the appropriate statutory sentence. The Court agrees this claim was procedurally defaulted. [Doc. 11.]

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Limbert's Report and Recommendation and **DENIES** Petitioner Turner's petition for a writ of habeas corpus. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: May 4, 2011  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE